NO. 07-09-0393-CR 

NO. 07-09-0394-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



SEPTEMBER
2, 2010

 



 

THOMAS ROCHA,  

 

                                                                                         Appellant


v.

 

THE STATE OF TEXAS,  

 

                                                                                         Appellee

_____________________________

 

FROM THE 364TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NOS. 2005-410,922 AND 2008-421,973;

 

 HONORABLE BRADLEY S. UNDERWOOD, PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

            Thomas Rocha
was convicted of possession of cocaine with intent to deliver in an amount of
four grams but less than 200 grams.  That
conviction was also used to revoke appellant’s probation with respect to a
prior offense.[1]  He challenges both judgments by contending
the trial court erred in failing to grant his motion to suppress.  We affirm the judgments. 

            Background

            On November 15, 2008, Trooper Von
Aven was driving on Highway 84 east of Slaton, Texas, when she observed
appellant’s vehicle traveling in the opposite direction at a speed that she
believed was over the limit.  She turned
on her radar and, after determining that appellant’s speed was 76 m.p.h., made
a traffic stop.  The speed limit was 70 m.p.h.


            Appellant
was driving the vehicle and his wife was a passenger.  Aven had decided to only give appellant a
warning and asked him for his license. 
In doing so, she observed that he was visibly nervous with shaking
hands.  He told her he was going to
Snyder.  Aven also smelled detergent in
the vehicle which she had been trained to know is sometimes used to mask the
smell of narcotics.  

The trooper returned to her unit and checked
whether there were any outstanding warrants issued against appellant and found
none.  However, her separate attempt to
determine, via computer, if appellant had prior arrests or convictions revealed
a conviction for his manufacturing and delivering a controlled substance.  This resulted in appellant being asked to accompany
the trooper to her vehicle.  When asked again
about his destination, he replied, “PoSnyder.”[2]  He also indicated that he had prior arrests but
purportedly was evasive about the nature of the offenses involved.   The
trooper then asked him if he was carrying any drugs in the vehicle and for
consent to search it.  He denied the
former and granted the latter.  Moreover,
this occurred before the trooper issued the warning citation.  

The ensuing search yielded two packages of
cocaine.  They were found in a jacket lying
on the back seat of the vehicle.     

Standard of Review
and Applicable Law 

            We review
the trial court’s ruling on a motion to suppress under the standard discussed
in Ford v. State, 158 S.W.3d 488
(Tex. Crim. App. 2005).  In doing so, we
defer to the trial court’s resolution of historical fact but review de novo its interpretation of the
law.  Id.
at 493.

            A detention
is reasonable if it is confined in length and scope to those actions that are
necessary to fulfill the purpose of the traffic stop.  Kothe
v. State, 152 S.W.3d 54, 63 (Tex. Crim. App. 2004).  In a routine traffic stop, an officer may
request information from a driver such as his license, car registration, and
the purpose and destination of the trip. 
Strauss v. State, 121 S.W.3d
486, 491 (Tex. App.–Amarillo 2003, pet. ref’d). 
The officer may also check the driver’s criminal background.  See Caraway
v. State, 255 S.W.3d 302, 308 (Tex. App.–Eastland 2008, no pet.).  No
particular sequence is required with respect to these matters.  Kothe
v. State, 152 S.W.3d at 66; see also
Parker v. State, 297 S.W.3d 803, 809-10 (Tex. App.–Eastland 2009, pet.
ref’d) (stating that an officer is not required to initiate a background search
before asking questions of the driver). Moreover, once the purpose of the
traffic stop has been effectuated, the officer may still ask if the occupants
possess illegal contraband and solicit consent to search. Strauss v. State, 121 S.W.3d at 491.  However, if consent is
denied, the detention must cease unless information learned by the officer
during the course of the traffic stop provides the officer with reasonable
suspicion that another offense has been or is being committed.  Sieffert
v. State, 290 S.W.3d 478, 483 (Tex. App.–Amarillo 2009, no pet.).  

            Application of the Law

            The original
detention is not challenged on appeal. 
However, appellant argues that his continued detention without
reasonable suspicion was improper.  Yet, concluding
that the entire detention remained within the parameters of a legitimate traffic
stop falls within the zone of reasonable disagreement.  

            Again, the
trooper initially asked questions about appellant’s destination and solicited
his identification.  So too was she
entitled to check for outstanding warrants and his criminal history.  That an officer may invite someone stopped
for violating a traffic law to sit in her squad car goes unchallenged
here.  And, the trooper’s soliciting
consent to search also is a permissible aspect of the traffic stop.  Most importantly, no one contends that the
amount of time that lapsed between the initial stop and appellant’s grant of
consent to search was unreasonable or otherwise exceeded the amount of time attendant
a normal traffic stop.[3]  According to the State, that period
approximated only five minutes.  

            

The trial court’s decision to deny the
motion to suppress did not evince an instance of abused discretion.  Consequently, we overrule appellant’s issue
and affirm the judgments. 

                                                                                                

                                                                                    Brian
Quinn

                                                                                    Chief
Justice

 

Do not publish.

                        

 

 

            

                        

  








 











[1]The
new offense was the only violation used for purposes of the revocation of
appellant’s probation.  





[2]Post
is on the road to Snyder.  After his
arrest, appellant admitted that he was delivering the drugs to Post. 





[3]The
amount of time that lapsed appeared to be highly critical in United States v. Jones, 234 F.3d 234
(5th Cir. 2000) (wherein the court concluded that appellant’s consent was not
legitimately obtained).  It is
conceivable that delaying the issuance of a traffic ticket to conduct a fishing
expedition could be deemed an unreasonable detention.  Yet, that is not something we need address
here for the circumstances and argument do not require us to do so.